UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br>   Plaintiff,<br>v.<br>DANIEL H. SMITH, et al.,<br>   Defendants. | Case No. 21-cv-05646-TSH<br><br>**ORDER DENYING MOTION TO DISMISS**<br>Re: Dkt. No. 13 |

## I. INTRODUCTION

Plaintiff Scott Johnson seeks a court order requiring Defendants Daniel and Wilma Smith to bring their store, Stucco Supply, into full compliance with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. Defendants move to dismiss Johnson's claims, arguing they are moot and that he lacks standing to pursue injunctive relief. ECF No. 13. Johnson filed an Opposition (ECF No. 15) and Defendants filed a Reply (ECF No. 16). The Court finds this matter suitable for disposition without oral argument and **VACATES** the February 17, 2022 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** Defendants' motion for the following reasons.[1]

## II. BACKGROUND

Johnson is a level C-5 quadriplegic who uses a wheelchair for mobility and has a specially equipped van. Compl. ¶ 1, ECF No. 1. Defendants Daniel H. Smith and Wilma J. Smith, in individual and representative capacities as Trustees of the SMITH 1978 Trust Agreement dated September 26, 1978, own the real property located at or about 1601 Little Orchard St, San Jose,

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 18.

California, upon which the business Stucco Supply operates. *Id.* ¶¶ 2-3.

Johnson went to Stucco Supply in March, April and June 2021 with the intention to avail himself of its goods or services, motivated in part to determine if Defendants comply with disability access laws. *Id.* ¶ 8. However, on the dates of his visits, Defendants failed to provide wheelchair accessible parking in conformance with ADA standards. *Id.* ¶ 10. Johnson states he will return to Stucco Supply "to avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him that Stucco Supply and its facilities are accessible." *Id.* ¶ 20. He "is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again." *Id.*

Johnson filed this complaint on July 23, 2021, alleging violations under the ADA and the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51, 52. Defendants now move to dismiss on the ground that Johnson's claim is moot because Stucco Supply "has all the disabled parking that is required." In the alternative, Defendants argue his complaint fails for two other reasons: (1) Johnson cannot and has not articulated why he has an intent to return to this business; and (2) Johnson lacks standing because he cannot allege that he has been legitimately deterred from patronizing the business, since he has offered no reason at all to go to Stucco Supply in the first place.

### III. LEGAL STANDARD

**A.    Rule 12(b)(1)**

Rule 12(b)1) allows a party to challenge a federal court's subject matter jurisdiction. As the party invoking subject matter jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("A Rule 12(b)(1) jurisdictional attack may be facial or factual.").

1    A challenge to subject matter jurisdiction is a factual attack where the moving party relies

2 on extrinsic evidence and does not assert a lack of subject matter jurisdiction solely based on the

3 pleadings. *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Morrison v. Amway Corp.*, 323 F.3d

4 920, 924 n.5 (11th Cir. 2003)). "In resolving a factual attack on subject matter jurisdiction, the

5 district court may review evidence beyond the complaint without converting the motion to dismiss

6 into a motion for summary judgment." *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d

7 1036, 1039 n.2 (9th Cir. 2003)). If the moving party converts its motion to dismiss into a factual

8 motion by submitting affidavits, the opposing party must then also present affidavits or other

9 evidence to meet its burden for satisfying subject matter jurisdiction. *Id.*

10   **B.    Americans with Disabilities Act**

11   "The ADA includes three main sections – Title I, which concerns employment

12 discrimination, 42 U.S.C. § 12111 *et seq.*; Title II, which governs access to public services, *id.* §

13 12131 *et seq.*; and Title III, which governs access to privately operated public accommodations,

14 such as restaurants and movie theaters, *id.* § 12181 *et seq.*" *Gilstrap v. United Air Lines, Inc.*, 709

15 F.3d 995, 1002 (9th Cir. 2013). Johnson's claim is asserted under Title III.

16   Title III of the ADA states that "[n]o individual shall be discriminated against on the basis

17 of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

18 advantages, or accommodations of any place of public accommodation by any person who owns,

19 leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The

20 ADA defines discrimination to include:

21-24   > [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]

25 42 U.S.C. § 12182(b)(2)(A)(ii). To establish a claim under this provision, Johnson must show (1)

26 he is disabled within the meaning of the ADA; (2) Defendants own, lease, or operate a place of

27 public accommodation; and (3) he was denied full and equal treatment by Defendants because of

28 his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

3

# IV.  DISCUSSION

## A.  Standing to Seek Injunctive Relief

Article III standing "is a necessary component of subject matter jurisdiction." *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011).  The Supreme Court has repeatedly stated that the "irreducible constitutional minimum of standing" consists of three elements: "(1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  Johnson, as the party invoking federal jurisdiction, bears the burden of establishing the existence of Article III standing and therefore "must clearly allege facts demonstrating each element." *Id.* (internal quotation marks and citation omitted); *see also Baker v. United States*, 722 F.2d 517, 518 (9th Cir. 1983) ("The facts to show standing must be clearly apparent on the face of the complaint.").

The only remedy available to a private litigant under the ADA is an injunction, which "requires a plaintiff to establish a 'real and immediate threat of repeated injury.'" *Strojnik v. IA Lodging Napa First LLC*, 2020 WL 2838814, at *5 (N.D. Cal. June 1, 2020) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)).  Ninth Circuit case law establishes that an ADA plaintiff may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).

Defendants argue Johnson does not have standing to seek injunctive relief because he fails to establish a likelihood of future injury, saying that an intent to return "some day" is insufficient. Mot. at 6-7.  They argue he has not alleged facts showing he is actually deterred from returning to Stucco Supply.  *Id.* at 10-11.  But the Ninth Circuit has rejected this argument, stating that allegations that disabled plaintiffs intend to visit a place of public accommodation but are deterred from doing so by non-compliance with the ADA are sufficient to establish standing to assert injunctive relief claims.  *See C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002). Johnson alleges he "will return to Stucco Supply to avail himself of its goods or services and to

4

determine compliance with the disability access laws once it is represented to him that Stucco Supply and its facilities are accessible," but he "is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site." Compl. ¶ 20. This sufficiently "demonstrate[s] deterrence" and confers injunctive relief standing. *Chapman*, 631 F.3d at 944; *Fogo De Chao Churrascaria*, 2021 WL 3913519, at *4 (finding injunctive relief standing where Johnson alleged he is "often in the area where the Restaurant is located and will return to the Restaurant . . . once it is represented to him that the Restaurant and its facilities are accessible, but is currently deterred from doing so because of the alleged inaccessibility.") (internal quotations omitted).

Defendants urge the Court to require Johnson to plead additional elements to establish injunctive relief standing, as some other district courts in the Ninth Circuit have done in ADA cases. *See* Mot. at 7-10. Those courts have required plaintiffs to plead (1) the proximity of the place of public accommodation to plaintiff's residence; (2) plaintiff's past patronage of defendant's business; (3) the definitiveness of plaintiff's plans to return, and (4) plaintiff's frequency of travel near defendant. *See, e.g., Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1163 (C.D. Cal. 2005). However, the Court declines to require these additional elements on top of the allegations the Ninth Circuit has already found sufficient to confer injunctive relief standing. *See Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1343 (E.D. Cal. 2020) (noting that the Ninth Circuit "has not adopted" these factors "despite having confronted the same or similar issue repeatedly"); *Fogo De Chao Churrascaria*, 2021 WL 3913519, at *4 (same). Johnson thus has alleged sufficient facts to support standing to seek injunctive relief.

**B.     Mootness**

The Court next addresses whether Johnson's ADA claim is moot. A claim may become moot if (1) subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) (citing *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968); *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d

5

851, 854 (9th Cir. 1985)). Because the only remedy available under the ADA is injunctive relief, the claim becomes moot if a defendant can show that it has remedied the ADA violation prior to trial. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) ("[A] defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim."); *see, e.g., Shayler v. Patel*, 2020 WL 4429362, at *3 (C.D. Cal. July 31, 2020) (dismissing ADA claim where defendants' parking lot no longer violated the ADA).

Defendants are correct that this Court would lack jurisdiction over Johnson's ADA claim if all of the barriers he identifies have been remediated. However, the barriers Johnson experienced and whether they have been remediated are at the heart of his ADA claim. The Ninth Circuit has cautioned that courts should not apply Rule 12(b)(1) when, as it is here, the issue of jurisdiction is intertwined with the merits of a claim. *See Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139–40 (9th Cir. 1983); *Safe Air for Everyone*, 373 F.3d at 1039; *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) ("The relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction in a case . . . where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'") (citation omitted); *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987) ("[I]f the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law . . . . Otherwise, the intertwined jurisdictional facts must be resolved at trial by the trier of fact.").

In support of their remediation argument, Defendants provide photos which purport to show that Stucco Supply's parking lot has the requisite van-accessible parking space. Smith Decl., Ex. 1, ECF No. 13-2. While the Court can consider such extrinsic evidence in evaluating subject matter jurisdiction, *see Safe Air for Everyone*, 373 F.3d at 1039, Johnson disputes Defendants' evidence, Opp'n at 3-4, and it would therefore be improper to resolve the disputed

facts about the accessibility of Stucco Supply on a jurisdictional challenge. *See Safe Air for Everyone*, 373 F.3d at 1039 ("[A] jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of the action."). In such cases, the Court "assumes the truth of the allegations in a complaint . . . unless controverted by undisputed facts in the record." *Roberts*, 812 F.2d at 1177. Here, a finding that Stucco Supply's facilities are accessible to Johnson is a "factual issue[ ] going to the merits" of whether Stucco Supply complies with ADA accessibility requirements. *Safe Air for Everyone*, 373 F.3d at 1039. Accordingly, the Court "assumes the truth" of the allegations in the complaint, *Roberts*, 812 F.2d at 1177, which state that Stucco Supply's parking was inaccessible to Johnson.

Further, while Defendants argue the proffered photos show accessible parking at Stucco Supply, it is unclear who took those photos, when, and under what circumstances. *See Johnson v. Fogo De Chao Churrascaria (San Jose) LLC*, 2021 WL 3913519, at *3 (N.D. Cal. Sept. 1, 2021) (rejecting standing challenge where defendant offered only disputed photographs); *Powers v. Mad Vapatory LLC*, 2020 WL 3402245, at *5 (N.D. Cal. June 19, 2020) (denying motion to dismiss in part based on parking space photos where it was not clear who took them); *Johnson v. SSR Grp., Inc.*, 2016 WL 3669994, at *3 (N.D. Cal. July 11, 2016) (declining to dismiss ADA claim at 12(b)(1) stage where plaintiff disputed declaration from defendant's Certified Accessibility Specialist). The Court also notes that the photos are attached to the declaration of Daniel Smith, who states only that he is "employed by Defendant Stucco Supply." Smith Decl. ¶ 2. There is no indication that a Certified Accessibility Specialist or other expert has reviewed the parking lot.

Accordingly, the Court rejects Defendants' challenge to Johnson's standing to assert his ADA claim.

C. **Unruh Act Claim**

A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court has not dismissed the ADA claim, the Court also denies Defendants' motion as to Johnson's Unruh Act claim.

7

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' motion to dismiss. The Court **ORDERS** the parties to meet and confer regarding the General Order 56 deadlines and file a joint status report by February 16, 2022.

**IT IS SO ORDERED.**

Dated: January 26, 2022

THOMAS S. HIXSON
United States Magistrate Judge